**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| In Re: | |
| | CASE NO. 14-21841 |
| DANIEL E. HARIPRASAD, DEBTOR | RE: ECF No 14 |
| GOLDEN REALTY CO., MOVANT | |
| VS | Chapter 7 |
| DANIEL E. HARIPRASAD, DEBTOR | |
| MOLLY T. WHITON, TRUSTEE RESPONDENTS | |

**BRIEF MEMORANDUM AND ORDER CONFIRMING TERMINATION Of AUTOMATIC STAY**

Before the Court is the *Motion to Confirm Termination or Absence of Stay* (hereinafter, the "(Motion"), ECF No. 14, filed by Golden Realty Co. seeking a determination and confirmation by this Court that the automatic stay of Bankruptcy Code §362(a) has terminated in this case by operation of 11 U.S.C. Section §362(c)(3)(A). The Motion, after notice, came before the Court for a hearing on November 13, 2014 (hereinafter, the "Hearing") at which the attorney for the Debtor, Daniel E. Hariprasad, appeared and orally objected.

**A. Applicable and Undisputed Facts**

It is undisputed, and based upon the files and records of this case and prior Case No. 13-22395, it cannot be disputed that:

1. On September 18, 2014 (hereinafter, the "Petition Date"), the Debtor commenced the present case by filing a petition for relief under Chapter 13 of the United States Bankruptcy Code.

2. On March 1, 2013, the Debtor filed a prior petition for relief under Chapter 13 (Case No. 13-22395), which, upon request of the Debtor, was dismissed on July 28, 2014.

3.  In the present case the Debtor has not filed a motion pursuant to §362(c)(B) requesting the court to extend the automatic stay beyond 30 days.

4. The 30th day after the Petition Date was Monday, October 20, 2014.[1]

## B. Applicable Bankruptcy Code Provisions as Applied to the Present Case

Section §362(c)(3)(A) provides that the automatic stay of §362(a) shall terminate on the 30th day *after the filing date* of the present case when a prior case filed by the debtor under chapter 7, 11 or 13 was dismissed within one year of the Petition Date. While §362(c)(B) permits the court to extend the automatic stay beyond this 30-day period on motion "after notice and a hearing completed before the expiration of the 30-day period," no such motion has been filed in the present case.

The Debtor's argument at the Hearing that the November 18, 2014 Order converting this case to a case under Chapter 7, ECF No. 18, alters the relevant 30-day calculus, has no merit. *See* §348(a) (While "[c]onversion . . . constitutes an order for

---

[1] The precise date was Saturday, October 18, 2014.

relief under the chapter to which the case is converted . . . [i]t does not effect a change in the date of the filing of the petition . . . ").

## ORDER

For the reasons discussed above

**IT IS HEREBY ORDERED** that the Motion is **GRANTED**, in accordance with which

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the automatic stay of §362(a) triggered by the filing of this case on the Petition Date, terminated in accordance with §362(c)(3)(A) on October 20, 2014, and is not in effect.

Dated: November 14, 2014                                                                                    BY THE COURT

*Albert S. Dabrowski*
United States Bankruptcy Judge